UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TAVARIS EARL HUNT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-2036 |
| ) | |
| NICOLE LUTZ, *et al.*, ) | |
|     Defendants. ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Tavaris Earl Hunt. Plaintiff has also filed a Motion for Preliminary Injunction (Doc. 5).

I. COMPLAINT

  A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

B. **Factual Allegations**

Plaintiff alleges constitutional violations against Sergeant Nicole Lutz, Champaign County Sheriff Dustin Heuerman, and Correctional Officers John Doe #1 and #2.

Plaintiff asserts he informed staff of the following medical conditions during intake at the Champaign County Jail in the early morning hours of December 11, 2023: 1) he has high blood pressure for which he had forgotten to take his medication the previous day; 2) he has asthma for which he requires medication and an inhaler that were not in his possession; 3) he had previous health complications due to COVID-19; and 4) he had been drinking alcohol, smoking, and felt depressed, paranoid, stressed, and suffering from mood swings. He was put in a holding cell with a very thin mattress, no sheets, and a small blanket. He asked Defendant Lutz for an extra blanket and extra mattress because the cell was freezing cold. Defendant Lutz denied his request.

Within the first hour in the holding cell, Plaintiff alleges he became lightheaded, and it became progressively harder for him to breathe. He begged Defendants Lutz and John Does #1 and #2 to contact medical staff but they told him there was no medical staff overnight and he would be fine until they arrived in the morning. While at the door asking for help, he became dizzy, had trouble breathing, and lost consciousness at which time he fell and hit his head. When he regained consciousness, he was in the hospital and noticed that he had chest pain, a bruise in the middle of his chest, and skin missing from that same spot. Plaintiff was later told by John Doe #1 that he had used his knuckles to perform sternum rubs on Plaintiff while he remained unconscious and unresponsive.

The Complaint alleges the Champaign County Jail orientation handbook states that in a medical emergency a detainee does not need to fill out a medical request slip, but the handbook does not define an emergency and does not state what a detainee needs to do to receive emergency medical help. According to the Plaintiff, Champaign County is aware of the unofficial policy and practice of jail staff to delay medical care, even in emergencies. The jail is cutting expenses by having no medical staff work overnight at the expense of detainees' health.

### C. Analysis

Pretrial detainees are protected by the due process clause of the Fourteenth Amendment. *Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996). To state a claim for objectively unreasonable medical treatment under the Fourteenth Amendment, a plaintiff must plead that he suffered from a serious medical or mental health condition, that the defendants acted purposefully, knowingly, or recklessly with respect to the consequences of their actions, and that the defendants' actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff's allegations state a claim against Defendants Lutz and John Does #1 and #2 for objectively unreasonable medical care when they were aware that he could not breathe and yet denied him emergency medical care.

To state a claim for excessive force under the Fourteenth Amendment, a plaintiff must allege facts sufficient to show that the "defendants acted deliberately or with callous indifference," and with either an actual intent to violate the plaintiff's rights or reckless

disregard for those rights. *Wilson*, 83 F.3d at 875 (internal quotations omitted). The Court finds Plaintiff's allegations state a claim against Defendant John Doe #1 for excessive force when Defendant continued to perform sternum rubs on Plaintiff even when it was futile because Plaintiff would not regain consciousness. Plaintiff's allegations are sufficient to suggest that Defendant Doe #1 acted with callous indifference and reckless disregard for Plaintiff's rights when he continued to apply force and caused injuries to Plaintiff.

Finally, "[t]o hold defendants liable under § 1983 and *Monell*, [a plaintiff] must demonstrate that the defendants' 'official policy, widespread custom, or action by an official with final decision-making authority was the "moving force" behind his constitutional injury.'" *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) (quoting *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Plaintiff has stated a *Monell* claim against Champaign County, based on allegations that there is an official policy and practice to delay medical care for detainees in emergencies, due to the decision not to have medical staff overnight and the lack of guidance to jail staff and detainees as to what constitutes a medical emergency and how to properly request help during an emergency. However, Plaintiff has not stated a *Monell* claim against Sheriff Dustin Heuerman. Even though Plaintiff alleges that Heuerman has official decision-making authority, a *Monell* claim cannot be brought against an individual in his individual capacity. *See Johnson v. Dykstra*, 2019 WL 2270356, *3 (N.D. Ind. May 24, 2019) (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978)).

To the extent that Plaintiff seeks to proceed against Heuerman due to his supervisory role over others, the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 U.S.C. § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, Heuerman likewise cannot be held liable on that basis.

However, in addition to monetary damages, Plaintiff also seeks injunctive relief, in the form of an order requiring that at least one medical professional work overnight at the Champaign County Jail and that the handbook define a medical emergency and the procedure to request help in the event of an emergency. Therefore, Defendant Heuerman remains a defendant, in his official capacity, for the purpose of carrying out any injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden, in official capacity, is proper party responsible for ensuring any injunctive relief).

Defendant Heuerman will likewise remain for the purpose of aiding in identifying the John Doe Defendants. *See Donald v Cook County Sheriff's Department*, 95 F.3d 548, 557 (7th Cir. 1996) (district courts are to aid pro se litigants in identifying Doe defendants). After the Doe Defendants are identified, Plaintiff should then seek leave to amend his complaint to add these individuals as Defendants. The Court will explain this process in more detail in a Scheduling Order that will be entered in the future.

## II. MOTION FOR PRELIMINARY INJUNCTION

### A. Standard

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *accord Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm International v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act ("PLRA") limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

### B. Allegations

Plaintiff seeks an order requiring the Champaign County Jail to have medical staff on site overnight, to revise the handbook to define "medical emergency" and to explain the procedure for detainee's to request emergency medical help. In addition, Plaintiff requests Champaign County Jail be ordered to return answered healthcare request slips to detainees and to have medical staff examine new detainees within two hours of their arrival at the jail.

In his Motion, which references the facts alleged in his Complaint, Plaintiff alleges that there is a policy or widespread custom and practice of delaying medical care to detainees, resulting in unnecessary pain and suffering, hospitalization, and sometimes death. He alleges that if these policies and practices are not addressed by way of preliminary injunction then Plaintiff or another detainee could suffer irreparable harm if they have a serious medical condition arise "at the wrong time."

### C. Analysis

The purpose of a temporary restraining order or preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Association v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by Defendant, as a mandatory preliminary injunction. *Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d

772, 774 (7th Cir. 1978)); see also *W.A. Mack v. General Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) (mandatory injunctions very rarely issue, except on the clearest equitable grounds).

Plaintiff's current allegations are insufficient to warrant a preliminary injunction because he has failed to offer evidence that he is likely to succeed on the merits of his claim. The only evidence that he offers are his own unsupported assertions in the Complaint and Motion. He has offered no documentary evidence regarding the jail's medical staffing policies or practices, the handbook's lack of clarity surrounding medical emergencies, or otherwise.

Furthermore, Plaintiff has failed to demonstrate that he will suffer irreparable harm if the Court does not enter the injunction that he seeks. While Plaintiff's Complaint described various medical conditions that previously culminated in a medical emergency, he does not allege that this emergency is ongoing. Rather, he alleges in the most general manner that either he or another detainee could suffer irreparable harm if they were to suffer a medical emergency when medical staff are not present. This hypothetical possibility is insufficient to support the granting of preliminary injunctive relief. Therefore, Plaintiff's Motion for Preliminary Injunction is DENIED.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review screening of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment claim for objectively unreasonable medical treatment against Defendants Lutz, John Doe #1, John Doe #2; a Fourteenth Amendment excessive force claim against Defendant John Doe #1; and a *Monell* claim against Defendant Champaign County. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal**

        **Rule of Civil Procedure 15.**

2)     **Defendant Heuerman remains in this case only for the purpose of aiding in the identification of the Doe Defendants.**

3)     **Plaintiff's Motion for Preliminary Injunction [5] is DENIED.**

4)     **Plaintiff's Motion for Status Update [7] is GRANTED, as Plaintiff will be provided with a copy of this Order.**

5)     **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6)     **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7)     **If a Defendant no longer works at the address Plaintiff provided, the entity for whom that Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8)     **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9)     **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not**

apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendants fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant. Formal service will require the Defendant to pay the associated costs under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED August 26, 2024.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE